| | |
|---|---|
| 1 | Evelien Verpeet (SBN 241520)<br>Email: everpeet@reedsmith.com |
| 2 | REED SMITH LLP<br>1999 Harrison Street, Suite 2400 |
| 3 | Oakland, CA 94612-3572 |
| 4 | **Mailing Address:** |
| 5 | P.O. Box 2084<br>Oakland, CA 94604-2084 |
| 6 | Telephone:   +1 510 763 2000<br>Facsimile:    +1 510 273 8832 |
| 7 | |
| 8 | Attorneys for Plaintiff<br>GENERAL ELECTRIC CAPITAL |
| 9 | CORPORATION, a Delaware corporation |

ORIGINAL FILED

JUN 2 5 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation,

Plaintiff,

v.

MASTER KRAFT MACHINING INC., a California corporation, and KURT T. MATSUDA, a citizen and resident of California,

Defendants.

Case No. 09-2854 SI

NOTICE OF MOTION FOR RIGHT TO ATTACH ORDER AND ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF POSSESSION (CLAIM AND DELIVERY), AND HEARING

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff General Electric Capital Corporation ("GE Capital" or "Plaintiff") has filed a motion for a right to attach order and writ of attachment (the "Motion").

A hearing on the Motion will be held in this court on <u>Friday, August 7, 2009</u> at <u>9:00</u> <u>a</u>.m. in Department <u>10</u>, Division _____, and Room _____. The address of the court is <u>450 Golden Gate Avnue, 19th Floor, San Francisco, CA</u>

– 1 –

US_ACTIVE-101802966.1

NOTICE OF MOTION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF POSSESSION (CLAIM AND DELIVERY), AND HEARING

Plaintiff's Motion for an order is based upon the Motion and Declaration filed and served with this notice.

You attention is directed to the following sections of the Code of Civil Procedure that set forth when attachment may or may not be issued, the manner of calculating the amount to be secured by the attachment, the court's discretion to include costs and attorney's fees, and special limitations on the amount to be secured by attachment in unlawful detainer proceedings. (Code Civ. Proc., §§ 482.110, 483.010, 483.015, 483.020).

You are notified that a right to attach order will be issued if the court finds at the hearing that Plaintiff's claim is probably valid and the other requirements for issuing the order are established. This hearing may include both written and oral presentations, but is not for the purpose of determining whether the claim is actually valid. Determination of the actual validity of the claim will be made in subsequent proceedings in the action and will not be affected by the decision at the hearing on the application for order.

You are further notified that if you desire to oppose the issuance of a right to attach order or object to the amount to be secured by the attachment as provided in Code of Civil Procedure Section 483.015, you must file with this court and serve on Plaintiff (no later than five court days prior to the date set for hearing) a notice of opposition and supporting declaration or affidavit as required by Code of Civil Procedure Section 484.060.

If a right to attach order is or has been issued, a writ of attachment will be issued to attach your property described in Plaintiff's Motion unless the court determines that the property is exempt from attachment or that its value clearly exceeds the amount necessary to satisfy the amount to be secured by the attachment. However, since the right to attach will not necessarily be limited to your property described in Plaintiff's Motion, a writ of attachment may be later issued to attach other nonexempt property of yours.

If you claim that all or some portion of the property described in Plaintiff's Motion is exempt from attachment, you must no later than five court days prior to this hearing:

(1)   Include your claim of exemption in your notice of opposition filed and served pursuant to Code of Civil Procedure Section 484.060 or file and serve a separate claim of exemption with respect to the property as provided in Code of Civil Procedure Section 484.070.

(2)   File with the court and serve on Plaintiff a claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.35.

If you fail to make a claim of exemption with respect to personal property, or make a claim of exemption with respect to real or personal property, but fail to prove that the property is exempt, any further claim of exemption with respect to the property will be barred unless you show a change in circumstances occurring after expiration of the time for claiming exemptions.

Claims of exemption resulting from a change of circumstances, whether after denial of a previous claim or expiration of the time for claiming exemptions, may be asserted as provided in Code of Civil Procedure Section 482.100.

You may obtain a determination at the hearing whether property not described in the Motion is exempt from attachment.   Your failure to claim that property not described in the Motion is exempt from attachment will not preclude you from making a claim of exemption with respect to the property at a later time.

You may also obtain a determination at the hearing whether the amount sought to be secured by the attachment shall be reduced by

(1) the amount of any money judgment in your favor against Plaintiff that remains unsatisfied and enforceable;

(2) the amount of any indebtedness of the Plaintiff that you have claimed in a cross-complaint filed in the action if your claim is one upon which an attachment could be issued;

(3) the amount of any claim asserted by your as defense in answer pursuant to Code of Civil Procedure Section 431.70 if the claim is one upon which an attachment could be issued had an action been brought on the claim when it was not barred by the statute of limitations; or

(4) the value of any security interest in your property held by Plaintiff to secure the indebtedness claimed by Plaintiff, together with the amount by which the value of the security interest has decreased due to the act of the Plaintiff or a prior holder of the security interest.

The amount to be secured by an attachment is determined pursuant to the following statutes:

(1) Code of Civil Procedure Section 482.110. A writ of attachment may include an estimate of costs and allowable attorneys fees.

(2) Code of Civil Procedure Section 483.010. An attachment may issue a claim fro $500 or more based on a contract, express or implied, exclusive of attorney fees, costs, and interests. If the claim was originally secured by an interest in real property (e.g., a mortgage deed of trust), an attachment may issue only if the security holder (if different from Plaintiff).

(3) Code of Civil Procedure Section 483.015. The amount to be attached includes the amount of the indebtedness claimed by Plaintiff, plus estimated costs and allowable attorney fees, reduced by the sum of the following:

      (a)    the amount of any unsatisfied money judgment held by defendant against Plaintiff;

      (b)    the amount of any indebtedness of Plaintiff claimed by defendant in a cross-complaint filed in the action (if a writ of attachment could issue on the claim);

      (c)    the amount of any cross-demand for money owed by Plaintiff to defendant that is barred by the statute of limitations (but assertable as a Code of Civil Procedure Section 431.70 defense) if the debt was one upon which a writ of attachment could have been issued before the statute of limitations ran; and

      (d)    the amount of any security interest held by Plaintiff in defendant's property, together with any decrease in the value of the underlying security caused by Plaintiff or a prior security holder.

Either you or your attorney or both may be present at the hearing.

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY AS TO ANY MATTER CONNECTED WITH PLAINTIFF'S MOTION. THE ATTORNEY SHOULD BE CONSULTED PROMPTLY SO THAT THE ATTORNEY MAY ASSIST YOU BEFORE THE TIMES FOR FILING YOUR OPPOSITION AND CLAIMS OF EXEMPTION, AND FOR THE HEARING.**

The writ of possession will be issued if the court finds that Plaintiff's claim is probably valid and the other requirements for issuing the writ are established. This hearing is not for the purpose of determining whether the claim is actually valid. The determination of the actual validity of the claim will be made in later proceedings in the action and will not be affected by the decision at the hearing on the application of the writ.

If you wish to oppose the issuance of the writ, you must file with this court and serve on Plaintiff's attorney one or more declarations providing evidence sufficient to defeat Plaintiff's right to issuance of the writ.

If you fail to oppose the issuance of the writ, the court at the hearing may do the following:

(a) Order that the writ of possession be issued.

(b) Order that you or anyone in possession transfer possession of the claimed property to Plaintiff (Code Civ. Proc. §512.070).

(c) Grant injunctive or other relief.

If a writ of possession is issued, you may stay the delivery of the property or regain possession taken under the writ by filing an undertaking with the court in accordance with Code of Civil Procedure Section 515.020.

**IF YOU BELIEVE PLAINTIFF MAY NOT BE ENTITLED TO POSSESSION OF THE PROPERTY CLAIMED, YOU MAY WISH TO SEEK THE ADVICE OF AN ATTORNEY. SUCH ATTORNEY SHOULD BE CONSULTED PROMPTLY SO THAT HE OR SHE MAY ASSIST YOU BEFORE THE TIME SET FOR THE HEARING.**

DATED: June 25, 2009.

REED SMITH LLP

By _/s/ Evelien Verpeet_
Evelien Verpeet
Attorneys for Plaintiff
GENERAL ELECTRIC CAPITAL
CORPORATION, a Delaware corporation