Evelien Verpeet (SBN 241520)
Email: everpeet@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:  +1 510 763 2000
Facsimile:  +1 510 273 8832

Attorneys for Plaintiff
GENERAL ELECTRIC CAPITAL
CORPORATION, a Delaware corporation

ORIGINAL FILED
JUN 2 5 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTER KRAFT MACHINING INC., a California corporation, and KURT T. MATSUDA, a citizen and resident of California,<br><br>Defendants. | Case No. C09-02854 SI<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER AND ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF POSSESSION (CLAIM AND DELIVERY)** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-101787133.1

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER
AND ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF POSSESSION (CLAIM AND DELIVERY)

# Table of Contents

Page

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 2

    A. Agreements with Bancorp ................................................................................. 2

    B. Assignment By Bancorp To GE Capital ............................................................ 3

    C. Agreements with MSF ...................................................................................... 4

    D. Assignment by MSF to GE Capital ................................................................... 4

    E. Master Kraft's Defaults and GE Capital's Notices of Default .......................... 5

    F. GE Capital's Right to Possess The Leased Equipment ..................................... 6

III. LEGAL ANALYSIS ....................................................................................................... 7

    A. Statutory Authority For Issuance Of Writ Of Attachment ................................ 7

        1. A Writ Of Attachment May Be Issued In This Case ............................ 7

        2. GE Capital Has Established The Probable Validity Of Its Claim ....... 8

        3. Attachment Is Not Sought For An Improper Purpose .......................... 9

        4. The Amount To Be Secured Is Greater Than Zero .............................. 9

    B. Statutory Authority For Issuance of Writ of Possession .................................... 9

        1. There Can Be No Reasonable Dispute As To The Validity Of GE Capital's Claim To The Leased Equipment And It Is Entitled To Possession Thereof ............................................................................. 10

        2. Master Kraft Is Wrongfully Detaining The Leased Equipment ........ 10

        3. Value And Description Of The Leased Equipment ........................... 11

        4. Current Location Of The Leased Equipment ..................................... 12

        5. The Leased Equipment Has Not Been Taken For Tax, Assessment, Fine Or Seized Under Execution ................................... 12

    C. Master Kraft Has No Interest In The Leased Equipment And The Undertaking Should Thus Be Waived ............................................................. 12

IV. CONCLUSION .............................................................................................................. 13

- i -

US_ACTIVE-101787133.1

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER AND ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF POSSESSION (CLAIM AND DELIVERY)

# TABLE OF AUTHORITIES

## CASES

Page

*CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.*,
   115 Cal. App. 4th 537 (2004) .................................................................................. 8

*Loeb & Loeb v. Beverly Glen Music, Inc.*,
   166 Cal. App. 3d 1110 (1985) ............................................................................... 8, 9

## STATUTES

Cal. Civ. Proc. Code § 481.190 ........................................................................................ 8

Cal. Civ. Proc. Code § 483.010(a) .................................................................................... 8

Cal. Civ. Proc. Code § 483.010(b) .................................................................................... 8

Cal. Civ. Proc. Code § 484.090 ........................................................................................ 7

Cal. Civ. Proc. Code § 484.090(a)(2) ............................................................................... 8

Cal. Civ. Proc. Code § 484.090(a)(4) ............................................................................... 9

Cal. Civ. Proc. Code § 489.210 ........................................................................................ 7

Cal. Civ. Proc. Code § 489.220 ........................................................................................ 7

Cal. Civ. Proc. Code § 511.090 ........................................................................................ 9

Cal. Civ. Proc. Code § 512.060(a) .................................................................................... 9

Cal. Civ. Proc. Code § 515.010(a) .................................................................................... 9

Cal. Civ. Proc. Code § 515.010(b) ............................................................................... 9, 12

- i -

US_ACTIVE-101787133.1

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER AND ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF POSSESSION (CLAIM AND DELIVERY)

Plaintiff, General Electric Capital Corporation ("GE Capital"), by its attorneys, submits the following Memorandum of Law in Support of its Motion for Right to Attach Order and Issuance of Writ of Attachment and Writ of Possession (the "Motion").

## I. INTRODUCTION

On January 25, 2006, U.S. Bancorp Equipment Finance, Inc. ("Bancorp"), as lessor, and Kurt T. Matsuda, d/b/a, Master Kraft Machining ("Master Kraft")[1], as lessee, entered into a Master Lease Agreement, pursuant to which Bancorp leased manufacturing equipment to Master Kraft.

On June 2, 2006, Bancorp assigned to GE Capital the entirety of its interest in the Master Lease Agreement, inclusive of all schedules and amendments.

On August 1, 2007, Manufactures Financing Services, a subdivision of Ellison Technologies, Inc. (collectively and separately, "MFS"), as lessor, and Master Kraft, as lessee, entered into an Equipment Lease, pursuant to which Bancorp leased manufacturing equipment to Master Kraft.

On December 8, 2007, MSF assigned to GE Capital the entirety of its interest in the Equipment Lease.

Master Kraft defaulted on its rental obligations under both lease agreements with GE Capital by failing to make rental payments when due. Despite this default and the express terms of the written agreements, Master Kraft continues to possess and operate the equipment leased pursuant the

---

[1] As discussed in Plaintiff's Complaint, Defendant, Master Kraft Machining, Inc., is a corporation organized under the laws of California with its principal place of business located at 850 Corporate Way, Fremont, California. Master Kraft Machining, Inc. was incorporated by the California Secretary of State on December 8, 2006. Prior to incorporation, the company conducted business as a "Kurt T. Matsuda, d/b/a, Master Kraft Machining." To avoid confusion, Master Kraft Machining, Inc. and Kurt T. Matsuda, d/b/a, Master Kraft Machining will both be referred to as "Master Kraft" in this Memorandum.

— 1 —

US_ACTIVE-101787133.1

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER AND ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF POSSESSION (CLAIM AND DELIVERY)

leases, and, despite demand, refuses to pay GE Capital the amount due and owing under the leases. Moreover, Master Kraft has failed to voluntarily surrender the leased equipment.

GE Capital seeks to attach Master Kraft's assets, or a portion thereof, in order to secure the recovery of Master Kraft's indebtedness to GE Capital. Taken as a whole, GE Capital is entitled to a pre-judgment remedy in the form of a right to attach order and writ of attachment in the amount of $1,181,652.91, plus attorney's fees against Master Kraft, which amount represents Master Kraft's current indebtedness to GE Capital.

GE Capital also seeks an order allowing it to take immediate possession of the leased equipment and to re-lease or otherwise dispose of the equipment and reduce the amount of debt due and owing as a result of Master Kraft's defaults.

## II.   STATEMENT OF FACTS

The facts set forth herein are supported by the Complaint, the various loan documents attached to the Complaint, and the Declaration of Angela Miller ("Miller Declaration"). Ms. Miller is a Litigation Specialist for GE Capital and is charged with administering these accounts on behalf of GE Capital.

A.   **Agreements with Bancorp**

On or about January 25, 2006, Bancorp, as lessor, and Matsuda d/b/a Master Kraft, as lessee, entered into a Master Lease Agreement (the "Bancorp Master Lease Agreement"). A true and correct copy of the Bancorp Master Lease Agreement is attached as Exhibit A to the Complaint filed in this matter (the "Complaint"). *See* Complaint, ¶10; Miller Declaration, ¶10.

Pursuant to the Bancorp Master Lease Agreement, on or about May 16, 2006, Bancorp leased

certain manufacturing equipment described in Schedule No. 694841B-171-0033328-001 of the Bancorp Master Lease Agreement (the "Bancorp Schedule"), namely one (1) Matsuura MAM 500 CNC Horizontal Machining Center with Yasnac 180, 8,000 RPM Spindle, 1 Degree Indexing, 60 Position ATC, Chip Conveyor, 11 Pallets with Change System and Work Station, Hi Pressure Thru Spindle Coolant, 800 PSI 320 Meters Memory, together with all replacements, parts, repairs, additions, accessions and accessories incorporated therein or affixed or attached thereto and any and all proceeds of the foregoing, including, without limitation, insurance recoveries (the "Bancorp Equipment"). A true and correct copy of the Bancorp Schedule is attached as Exhibit B to the Complaint. See Complaint, ¶11; Miller Declaration, ¶11.

On or about May 17, 2006, Matsuda d/b/a Master Kraft executed a Delivery and Acceptance Certificate and Lease Amendment ("Bancorp Lease Amendment"), pursuant to which, *inter alia*, Master Kraft agreed to lease the Bancorp Equipment from Bancorp and accept full responsibility of the Equipment "as is." A true and correct copy of the Bancorp Lease Amendment is attached as Exhibit C to the Complaint. See Complaint, ¶12; Miller Declaration, ¶12.

On or about February 19, 2009, Master Kraft and Bancorp executed an Amendment Agreement pursuant to which, *inter alia*, Bancorp agreed to modify the payment terms of Bancorp Schedule to the Bancorp Master Lease Agreement pursuant to the terms stated therein ("Bancorp Amendment Agreement"). A true and correct copy of the Bancorp Amendment Agreement is attached as Exhibit E to the Complaint. See Complaint, ¶14; Miller Declaration, ¶13.

B.  **Assignment By Bancorp To GE Capital**

On June 2, 2006, Bancorp assigned to GE Capital, for due consideration, the entirety of its interest in the Bancorp Master Lease Agreement, Bancorp Schedule, and Bancorp Guaranty. A true and correct copy of the Assignment Agreement is attached as Exhibit F to the Complaint. See Complaint, ¶15; Miller Declaration, ¶14.

– 3 –

US_ACTIVE-101787133.1

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER
AND ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF POSSESSION (CLAIM AND DELIVERY)

### C. Agreements with MSF

On or about August 1, 2007, Manufactures Financing Services, a subdivision of Ellison Technologies, Inc. (collectively and separately, "MFS"), as lessor, and Master Kraft, as lessee, entered into an Equipment Lease, No. 28101730 (the "MFS Lease"). *See* Complaint, ¶16; Miller Declaration, ¶15.

Pursuant to the MFS Lease, MFS leased certain manufacturing equipment, namely one (1) Mori Seiki Precision Horizontal Production Center Equipped with tool Breakage Detection System, AICC II Fast Data Server, 6 Pallet Carrier Pallet Pool, Coolant Gun at Setup Station, Cooljet 70/36DVF 1000 PSI High Pressure Coolant System, Tooling and all standard and any additional parts, attachments and accessories (the "MFS Equipment"). A true and correct copy of the MFS Lease is attached as Exhibit G to the Complaint. *See* Complaint, ¶17; Miller Declaration, ¶16.

At or about the same time, MFS and Master Kraft executed an Addendum to Equipment Lease pursuant to which, *inter alia*, MFS granted Master Kraft the option to either extend the Equipment Lease or purchase the MSF Equipment upon expiration of the Equipment Lease, pursuant to the terms stated therein. A true and correct copy of the Addendum to Lease Agreement is attached as Exhibit H to the Complaint. *See* Complaint, ¶19; Miller Declaration, ¶17.

### D. Assignment by MSF to GE Capital

On December 28, 2007, MSF assigned to GE Capital the entirety of its interest in the MFS Lease. See document entitled "Schedule," a true and correct copy of which is attached as Exhibit I to the Complaint. *See* Complaint, ¶20; Miller Declaration, ¶18.

E.   **Master Kraft's Defaults and GE Capital's Notices of Default**

Master Kraft is in default under the Bancorp Master Lease Agreement – inclusive of any schedules and amendments – and the MFS Lease (collectively, the "Leases") for failing to make monthly payments, as required under the Leases. *See* Complaint, ¶21; Miller Declaration, ¶19.

On March 26, 2009, GE Capital delivered to Master Kraft a formal notice of default for past due payments on the MFS Lease totaling $30,554.73 (the "March 26, 2009 Letter"). A true and correct copy of the March 26, 2009 Letter is attached as Exhibit J to the Complaint. *See* Complaint, ¶22; Miller Declaration, ¶20.

Master Kraft has failed and/or refused to respond to the March 26, 2009 Letter. More importantly, Master Kraft and Matsuda have refused to pay the past due payments. *See* Complaint, ¶23; Miller Declaration, ¶21.

On June 1, 2009, GE Capital delivered to Master Kraft a formal notice of default for past due payments on the Leases totaling $74,381.63 (the "June 1, 2009 Letter"). A true and correct copy of the June 1, 2009 Letter is attached as Exhibit K to the Complaint. *See* Complaint, ¶24; Miller Declaration, ¶22.

Master Kraft failed and/or refused to respond to the June 1, 2009 Letter. More importantly, Master Kraft has refused to pay the past due payments. *See* Complaint, ¶25; Miller Declaration, ¶23.

In accordance with the terms of the Leases, in the June 1, 2009 Letter, GE Capital demanded immediate payment of all past due payments, totaling $74,381.63. *See* Exhibit K to Complaint; Complaint ¶26; Miller Declaration ¶24.

The full amounts due under the Leases have been accelerated and are now due and owing

– 5 –
US_ACTIVE-101787133.1

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER
AND ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF POSSESSION (CLAIM AND DELIVERY)

from Master Kraft, including but not limited to all payment obligations, interest, attorneys' fees, expenses, and all other amounts due under the Leases. *See* Complaint, ¶27; Miller Declaration, ¶25.

Master Kraft is, and continues to be, in default under the Leases, and all amounts due and owing are still outstanding and unpaid. *See* Complaint, ¶28; Miller Declaration, ¶26.

As of June 1, 2009, the past due rent payments, taxes, and late fees was no less than $74,381.63. Upon acceleration, the amount now due and owing is $1,181,652.91. *See* Complaint, ¶29; Miller Declaration, ¶27.

F.  **GE Capital's Right to Possess The Leased Equipment**

GE Capital is, and at all times relevant to Plaintiff's Motion was, the legal owner of the Bancorp Equipment and the MFS Equipment (collectively, the "Leased Equipment"). *See* Complaint ¶32; Miller Declaration, ¶29.

Master Kraft came into possession of the Leased Equipment after Master Kraft executed the Leases. Since the execution the Leases, Master Kraft has defaulted on the Leases by failing to make monthly payments, as required under the terms of the Leases. *See* Complaint ¶33; Miller Declaration, ¶30.

The terms of the Leases provide that, following a default, GE Capital is entitled to recover immediate possession of the Leased Equipment for disposition under the terms of the Leases. *See* Complaint ¶34; Miller Declaration, ¶31.

Although GE Capital has demanded that Master Kraft surrender possession of the Leased Equipment, Master Kraft continues to withhold possession of the Leased Equipment in violation of GE Capital's right to possession. The Complaint, in addition to previous demands, shall constitute

demand upon Defendants to surrender possession of the Leased Equipment to GE Capital. *See* Complaint ¶35; Miller Declaration, ¶32.

### III.    LEGAL ANALYSIS

**A.    Statutory Authority For Issuance Of Writ Of Attachment**

California Code of Civil Procedure Section 484.090 states that the Court *shall* issue a right to attach order if it finds, after a hearing, all of the following: (1) the claim upon which the attachment is based is one upon which an attachment may be issued; (2) the plaintiff has established the probable validity of the claim upon which the attachment is based; (3) the attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based; and (4) the amount to be secured by the attachment is greater than zero. Cal. Code Civ. Proc. § 484.090.

Additionally, the Court *shall* order a writ of attachment to be issued upon the filing of a $10,000 undertaking if the Court also finds that the defendant has failed to prove that the property sought to be attached is exempt from attachment. Cal. Code Civ. Proc. §§ 484.090, 489.210 and 489.220.

GE Capital's Motion for Right to Attach Order and Writ of Attachment, this Memorandum of Points and Authorities, the Lease Documents, and the Declaration of Angie Miller meet and exceed these prerequisites for the issuance of the requested orders.

**1.    A Writ Of Attachment May Be Issued In This Case**

A writ of attachment is available in an action on a claim for money based on an express contract where the total amount sought is fixed or readily ascertainable and is in excess of $500 (exclusive of costs and attorneys' fees), and where the claim is not secured by an interest in real

property. Cal. Code Civ. Proc. § 483.010(a), (b). It is well-recognized under California law that "an attachment will lie upon a cause of action for damages for a breach of contract where the damages are readily ascertainable by reference to the contract and the basis of the computation of damages appears to be reasonable and definite." *CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.*, 115 Cal. App. 4th 537, 540 (2004).

Here, the underlying claim is an action for money based on two express contracts, specifically, the Bancorp Master Lease Agreement – inclusive of all schedules and amendments – and the MSF Lease. The total amount sought is readily ascertainable and measurable by reference to the Leases. Master Kraft's breach of the Leases resulted in Master Kraft being liable to GE Capital in the amount of $1,181,652.91. Miller Declaration, ¶27.

Master Kraft has failed to make any past due payments. Accordingly, the amount owed to GE Capital remains $1,181,652.91, exclusive of costs and attorneys fees, which amount exceeds $500. *See* Miller Declaration, ¶27. Finally, the claim is not secured by an interest in real property. Accordingly, a writ of attachment is available to GE Capital in its action against Master Kraft.

    **2.**    **GE Capital Has Established The Probable Validity Of Its Claim**

A claim has "probable validity" where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim. Cal. Code Civ. Proc. § 481.190; *Loeb & Loeb v. Beverly Glen Music, Inc.*, 166 Cal. App. 3d 1110, 1118 (1985).

Master Kraft cannot dispute that it defaulted on its obligations under the Leases. As such, it follows that pursuant to the terms and conditions of the Leases, Master Kraft is liable for its breach of those. Miller Declaration, ¶19. Accordingly, it is more likely than not that GE Capital will obtain a judgment against Master Kraft on the breach of contract action. Thus, this Motion satisfies the requirements of Civil Procedure section 484.090(a)(2).

### 3. Attachment Is Not Sought For An Improper Purpose

GE Capital seeks only to secure its ultimate recovery. Miller Declaration, ¶28. This is in keeping with the rule that "[t]he usual and main purpose of an attachment is to secure and insure the payment of any judgment that may be recovered in the successful prosecution of an action in order that the ends of successful litigation are not fruitlessly pursued and frustrated." *Loeb*, 166 Cal. App. 3d at 1118.

### 4. The Amount To Be Secured Is Greater Than Zero

It is beyond doubt that the amount to be secured is greater than zero. Master Kraft currently owes GE Capital $1,181,652.91, exclusive of costs and attorneys fees. Miller Declaration, ¶27. Because GE Capital seeks a right to attach order in an amount far greater than zero, its Application satisfies the requirements of Civil Procedure section 484.090(a)(4).

### B. Statutory Authority For Issuance of Writ of Possession

California Code of Civil Procedure sections 512.010 *et seq.* provides that a plaintiff to a civil action may seek provisional relief from a court in the form of a writ of possession. The Court ***shall*** issue the writ of possession if GE Capital establishes the probable validity of its claim to possession of the Leased Equipment and provides an undertaking in an amount not less than twice Master Kraft's interest in the property. *See* Cal Civ. Proc. Code §§ 512.060(a), 515.010(a).

GE Capital demonstrates that its claims have "probable validity" by showing that "it is more likely than not" that it will obtain a judgment against Master Kraft on those claims. *See* Cal Civ. Proc. Code § 511.090. Furthermore, the undertaking requirement can be waived if GE Capital can establish that Master Kraft has no recognizable interest in the Leased Equipment. *See* Cal Civ. Proc.

Code § 515.010(b).

Pursuant to the declarations submitted concurrently herewith in support of GE Capital's Motion for Writ of Possession, GE Capital has established the validity of its claim to the Leased Equipment, the overwhelming likelihood that it will obtain judgment against Master Kraft, and Master Kraft's lack of any recognizable interest in the Leased Equipment, thereby negating the need for GE Capital to post an undertaking.

### 1. There Can Be No Reasonable Dispute As To The Validity Of GE Capital's Claim To The Leased Equipment And It Is Entitled To Possession Thereof

The Miller Declaration and Leases establish the probable validity of GE Capital's claim to the Leased Equipment. Specifically, the Miller Declaration establishes that GE Capital is the rightful owner of the Leased Equipment, and the Leases establish that GE Capital is entitled to immediate repossession of the Leased Equipment upon Master Kraft's default. *See* Miller Declaration., ¶29.

Additionally, the Miller Declaration establishes that Master Kraft defaulted under the terms and conditions of the Leases by failing to tender payments due thereunder. *See* Miller Declaration, ¶19. Moreover, Master Kraft's defaults remain uncured. *See* Miller Declaration, ¶26. Master Kraft's unjustified defaults under the Leases establish that GE Capital will succeed on the merits of its claims and is entitled to repossession of the Leased Equipment, which it rightfully owns.

### 2. Master Kraft Is Wrongfully Detaining The Leased Equipment

Pursuant to the Leases, GE Capital is entitled to immediate repossession of the Leased Equipment upon Master Kraft's default. *See* Complaint ¶¶21, 34; Miller Declaration, ¶¶19, 31. Moreover, the Leases provides that GE Capital may repossess the Leased Equipment from Master

Kraft should Master Kraft default on the Leases. *See* Complaint ¶34; Miller Declaration, ¶31. Despite due demand therefore, Master Kraft has failed to cure its default by tendering payment. Moreover, Master Kraft has failed and refused to voluntarily surrender the Leased Equipment as required under the Leases. *See* Miller Declaration, ¶32.

Master Kraft leased the Leased Equipment from GE Capital in the ordinary course of business for commercial purposes and the Leased Equipment is not necessary for the support of a family. *See* Miller Declaration, ¶33. Thus, the Leased Equipment is being wrongfully detained from its rightful owner, GE Capital.

    **3.    Value And Description Of The Leased Equipment**

The Leased Equipment has an approximate fair market value of $724,000 depending on its condition, the circumstances and the buyer. *See* Miller Declaration, ¶35. The Leased Equipment has an "orderly liquidated value" of approximately $334,000. *See* Miller Declaration, ¶36.

The Leased Equipment consists of the following: (1) Bancorp Equipment: one (1) Matsuura MAM 500 CNC Horizontal Machining Center with Yasnac 180, 8,000 RPM Spindle, 1 Degree Indexing, 60 Position ATC, Chip Conveyor, 11 Pallets with Change System and Work Station, Hi Pressure Thru Spindle Coolant, 800 PSI 320 Meters Memory, together with all replacements, parts, repairs, additions, accessions and accessories incorporated therein or affixed or attached thereto and any and all proceeds of the foregoing, including, without limitation, insurance recoveries; and (2) MFS Equipment: one (1) Mori Seiki Precision Horizontal Production Center Equipped with tool Breakage Detection System, AICC II Fast Data Server, 6 Pallet Carrier Pallet Pool, Coolant Gun at Setup Station, Cooljet 70/36DVF 1000 PSI High Pressure Coolant System, Tooling and all standard and any additional parts, attachments and accessories. *See* Miller Declaration, ¶37.

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER
AND ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF POSSESSION (CLAIM AND DELIVERY)

### 4. Current Location Of The Leased Equipment

There is probable cause to believe the Leased Equipment is located at Master Kraft's principal place of business at 850 Corporate Way, Fremont, California. *See* Complaint, ¶36; Miller Declaration, ¶38.

### 5. The Leased Equipment Has Not Been Taken For Tax, Assessment, Fine Or Seized Under Execution

The Leased Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of any state against the property of GE Capital, or against GE Capital, nor seized under any lawful process against the goods and chattels of GE Capital subject to that lawful process, nor held by virtue of any order for injunction against GE Capital. *See* Miller Declaration, ¶34.

## C. Master Kraft Has No Interest In The Leased Equipment And The Undertaking Should Thus Be Waived

If GE Capital can establish that Master Kraft has no interest in the property, then the requirement to post an undertaking must be waived. Cal. Civ. Proc. Code § 515.010(b).

Here, Master Kraft has no protectable interest. GE Capital is the rightful owner of the Leased Equipment. *See* Miller Declaration, ¶29. Master Kraft is only entitled to retain possession of the Leased Equipment provided that Master Kraft is not in default under the Leases. *See* Miller Declaration, ¶31. Because Master Kraft is in default under the terms of the Leases, Master Kraft has no interest in the Leased Equipment.

Moreover, as of June 1, 2009, Master Kraft owed GE Capital the aggregate sum of not less than $1,181,652.91 (the "Debt"). *See* Miller Declaration, ¶27. The Leased Equipment has an

– 12 –

approximate fair market value of $724,000, depending on its condition, the circumstances and the buyer. *See* Miller Declaration, ¶35. Thus, the approximate fair market value of the Leased Equipment is not enough to cover the Debt, and Master Kraft has no protectable interest in the Leased Equipment. Under these circumstances, the undertaking can and should be waived.

## IV. CONCLUSION

Master Kraft's contractual obligations to GE Capital are clearly set forth and defined in the Leases. As a result of Master Kraft's default under the Leases, Master Kraft became indebted to GE Capital for the damages caused by its default. GE Capital has satisfied the elements entitling it to the proposed writ of attachment. Thus, GE Capital respectfully requests that this Court issue a right to attach order in the amount of $1,181,652.91.

In addition, GE Capital is entitled to a writ of possession because it can easily establish the probable validity of its claim. Master Kraft is in default under the Leases for failing to make monthly payments, as required under the Leases. Additionally, it has failed and refused to cure such defaults, and has failed and refused to surrender the Leased Equipment as it is required to do under the terms of the Leases. There is no defense to Master Kraft's claim and there is no legal or equitable barrier preventing this Court from issuing a writ of possession. Accordingly, the Court can and should issue the requested writ.

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER AND ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF POSSESSION (CLAIM AND DELIVERY)

DATED: June 25, 2009.

Respectfully submitted,

REED SMITH LLP

By _____
Evelien Verpeet
Attorneys for Plaintiff
GENERAL ELECTRIC CAPITAL
CORPORATION, a Delaware corporation

– 14 –

US_ACTIVE-101787133.1

PLAINTIFF'S MEMO. OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER AND ISSUANCE OF WRIT OF ATTACHMENT AND WRIT OF POSSESSION (CLAIM AND DELIVERY)