Evelien Verpeet (SBN 241520)
Email: everpeet@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:  +1 510 763 2000
Facsimile:  +1 510 273 8832

Attorneys for Plaintiff
GENERAL ELECTRIC CAPITAL
CORPORATION, a Delaware corporation

ORIGINAL FILED
JUN 2 5 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> MASTER KRAFT MACHINING INC., a California corporation, and KURT T. MATSUDA, a citizen and resident of California, <br><br> Defendants. | Case No. C09-02854 SI <br><br> DECLARATION OF ANGELA MILLER IN SUPPORT OF MOTION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT |

I, Angela Miller, declare as follows:

## BACKGROUND

1. I am a resident of the State of Iowa and maintain an office at 1010 Thomas Edison Blvd SW, Cedar Rapids, Iowa. I am employed by Plaintiff, General Electric Capital Corporation ("GE Capital"), as a Litigation Specialist, Equipment Finance Services.

2.      I have personal knowledge of the facts set forth herein, and if called as a witness, will so testify.

3.      As a duty of my employment by GE Capital, I have personal charge of the equipment leases and accounts of Defendant, Master Kraft Machining, Inc. ("Master Kraft"), and I am charged with maintenance of contractual and other documentation maintained by GE Capital in the ordinary course of its business relating to such accounts and with recording or tracking the recordation of all payments and other ongoing transactions relating thereto.

## THE PARTIES

4.      Plaintiff, General Electric Capital Corporation ("GE Capital"), is a corporation organized under the laws of Delaware with its principal place of business located in Stamford, Connecticut.

5.      Defendant, Master Kraft Machining, Inc., is a corporation organized under the laws of California with its principal place of business located at 850 Corporate Way, Fremont, California. Master Kraft Machining, Inc. was incorporated by the California Secretary of State on December 8, 2006. Prior to incorporation, the company conducted business as a "Kurt T. Matsuda, d/b/a, Master Kraft Machining." To avoid confusion, Master Kraft Machining, Inc. and Kurt T. Matsuda, d/b/a, Master Kraft Machining will both be referred to as "Master Kraft" in this Declaration.

6.      Defendant, Kurt T. Matsuda ("Matsuda"), is an individual who is a citizen and resident of California.

7.      At all times relevant to this matter, GE Capital was and is in the business of, *inter alia*, leasing equipment to its customers.

8. At all times relevant to this matter, Master Kraft was and is in the business of, *inter alia*, manufacturing and assembling machines and parts for various industries, including the medical and aerospace industries. Master Kraft leased manufacturing equipment from GE Capital.

9. At all times relevant to this matter, Matsuda was either the president of Master Kraft or an individual doing business as Master Kraft.

## AGREEMENTS WITH BANCORP

10. On or about January 25, 2006, U.S. Bancorp Equipment Finance, Inc. ("Bancorp"), as lessor, and Matsuda d/b/a Master Kraft, as lessee, entered into a Master Lease Agreement (the "Bancorp Master Lease Agreement"). A true and correct copy of the Bancorp Master Lease Agreement is attached as Exhibit A to the Complaint filed in this matter (the "Complaint").

11. Pursuant to the Bancorp Master Lease Agreement, on or about May 16, 2006, Bancorp leased certain manufacturing equipment described in Schedule No. 694841B-171-0033328-001 of the Bancorp Master Lease Agreement (the "Bancorp Schedule"), namely one (1) Matsuura MAM 500 CNC Horizontal Machining Center with Yasnac 180, 8,000 RPM Spindle, 1 Degree Indexing, 60 Position ATC, Chip Conveyor, 11 Pallets with Change System and Work Station, Hi Pressure Thru Spindle Coolant, 800 PSI 320 Meters Memory, together with all replacements, parts, repairs, additions, accessions and accessories incorporated therein or affixed or attached thereto and any and all proceeds of the foregoing, including, without limitation, insurance recoveries (the "Bancorp Equipment"). A true and correct copy of the Bancorp Master Lease Agreement is attached as Exhibit B to the Complaint.

12. On or about May 17, 2006, Matsuda d/b/a Master Kraft executed a Delivery and Acceptance Certificate and Lease Amendment ("Bancorp Lease Amendment"), pursuant to which, *inter alia*, Master Kraft agreed to lease the Bancorp Equipment from Bancorp and accept full

1  responsibility of the Equipment "as is." A true and correct copy of the Bancorp Lease Amendment
2  is attached as Exhibit C to the Complaint.

4  13.     On or about February 19, 2009, Master Kraft and Bancorp executed an Amendment
5  Agreement pursuant to which, *inter alia*, Bancorp agreed to modify the payment terms of Bancorp
6  Schedule to the Bancorp Master Lease Agreement pursuant to the terms stated therein ("Bancorp
7  Amendment Agreement"). A true and correct copy of the Bancorp Amendment Agreement is
8  attached as Exhibit E to the Complaint.

### ASSIGNMENT BY BANCORP TO GE CAPITAL

12  14.     On June 2, 2006, Bancorp assigned to GE Capital, for due consideration, the entirety
13  of its interest in the Bancorp Master Lease Agreement, Bancorp Schedule, and Bancorp Guaranty. A
14  true and correct copy of the Assignment Agreement is attached as Exhibit F to the Complaint.

### AGREEMENTS WITH MSF

18  15.     On or about August 1, 2007, Manufactures Financing Services, a subdivision of
19  Ellison Technologies, Inc. (collectively and separately, "MFS"), as lessor, and Master Kraft, as
20  lessee, entered into an Equipment Lease, No. 28101730 (the "MFS Lease").

22  16.     Pursuant to the MFS Lease, MFS leased certain manufacturing equipment, namely
23  one (1) Mori Seiki Precision Horizontal Production Center Equipped with tool Breakage Detection
24  System, AICC II Fast Data Server, 6 Pallet Carrier Pallet Pool, Coolant Gun at Setup Station,
25  Cooljet 70/36DVF 1000 PSI High Pressure Coolant System, Tooling and all standard and any
26  additional parts, attachments and accessories (the "MFS Equipment"). A true and correct copy of
27  the MFS Lease is attached as Exhibit G to the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 4 –

US_ACTIVE-101790636.1

DECLARATION OF ANGELA MILLER IN SUPPORT OF MOTION FOR RIGHT
TO ATTACH ORDER AND WRIT OF ATTACHMENT

17. At or about the same time, MFS and Master Kraft executed an Addendum to Equipment Lease pursuant to which, *inter alia*, MFS granted Master Kraft the option to either extend the Equipment Lease or purchase the MSF Equipment upon expiration of the Equipment Lease, pursuant to the terms stated therein. A true and correct copy of the Addendum to Lease Agreement is attached as Exhibit H to the Complaint.

### ASSIGNMENT BY MSF TO GE CAPITAL

18. On December 28, 2007, MSF assigned to GE Capital, for due consideration, the entirety of its interest in the MFS Lease. *See* document entitled "Schedule," a true and correct copy of which is attached as Exhibit I to the Complaint.

### DEFAULTS

19. Master Kraft is in default under the Bancorp Master Lease Agreement – inclusive of any schedules and amendments – and the MFS Lease (collectively, the "Leases") for failing to make monthly payments, as required under the Leases.

20. On March 26, 2009, GE Capital delivered to Master Kraft formal notice of default for past due payments on the MFS Lease totaling $30,554.73 (the "March 26, 2009 Letter"). A true and correct copy of the March 26, 2009 Letter is attached as Exhibit J to the Complaint.

21. Master Kraft failed and/or refused to respond to the March 26, 2009 Letter. More importantly, Master Kraft has refused to pay the past due payments.

22. On June 1, 2009, GE Capital delivered to Master Kraft a formal notice of default for past due payments on the Leases totaling $74,381.63 (the "June 1, 2009 Letter"). A true and correct copy of the June 1, 2009 is attached as Exhibit K to the Complaint.

DECLARATION OF ANGELA MILLER IN SUPPORT OF MOTION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT

23. Master Kraft failed and/or refused to respond to the June 1, 2009 Letter. More importantly, Master Kraft has refused to pay the past due payments.

24. In accordance with the terms of the Leases, in the June 1, 2009 Letter, GE Capital demanded immediate payment of all past due payments, totaling $74,381.63.

25. The full amounts due under the Leases have been accelerated and are now due and owing from Lessee and Guarantor, including but not limited to all payment obligations, interest, attorneys' fees, expenses, and all other amounts due under the Leases.

26. Master Kraft and Matsuda are, and continue to be, in default under the Leases, and all amounts due and owing are still outstanding and unpaid.

27. As of June 1, 2009, the past due rent payments, taxes, and late fees was no less than $74,381.63. Upon acceleration, the amount now due and owing is $1,181,652.91.

28. GE Capital seeks only to secure its ultimate recovery.

## GE CAPITAL'S RIGHT TO POSSESS THE LEASED EQUIPMENT

29. GE Capital is, and at all times relevant to Plaintiff's Motion was, the legal owner of the Bancorp Equipment and the MFS Equipment (collectively, the "Leased Equipment").

30. Master Kraft came into possession of the Leased Equipment after Master Kraft executed the Leases. Since the execution the Leases, Master Kraft has defaulted on the Leases by failing to make monthly payments, as required under the terms of the Leases.

31. The terms of the Leases provide that, following a default, GE Capital is entitled to

recover immediate possession of the Leased Equipment for disposition under the terms of the Leases.

32. Although GE Capital has demanded that Master Kraft surrender possession of the Leased Equipment, Master Kraft continues to withhold possession of the Leased Equipment in violation of GE Capital's right to possession. The Complaint, in addition to previous demands, shall constitute demand upon Defendants to surrender possession of the Leased Equipment to GE Capital.

## LEASED EQUIPMENT NOT TAKEN FOR TAX, ASSESSMENT, FINE OR SEIZED UNDER EXECUTION

33. The Leased Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of any state against the property of GE Capital, or against GE Capital, nor seized under any lawful process against the goods and chattels of GE Capital subject to that lawful process, nor held by virtue of any order for injunction against GE Capital.

## VALUE AND DESCRIPTION OF LEASED EQUIPMENT

34. The Leased Equipment has an approximate fair market value of $724,000 depending on its condition, the circumstances and the buyer.

35. The Leased Equipment has an "orderly liquidated value" of approximately $334,000.

36. The Leased Equipment consists of the following: (1) Bancorp Equipment: one (1) Matsuura MAM 500 CNC Horizontal Machining Center with Yasnac 180, 8,000 RPM Spindle, 1 Degree Indexing, 60 Position ATC, Chip Conveyor, 11 Pallets with Change System and Work Station, Hi Pressure Thru Spindle Coolant, 800 PSI 320 Meters Memory, together with all replacements, parts, repairs, additions, accessions and accessories incorporated therein or affixed or

attached thereto and any and all proceeds of the foregoing, including, without limitation, insurance recoveries; and (2) MFS Equipment: one (1) Mori Seiki Precision Horizontal Production Center Equipped with tool Breakage Detection System, AICC II Fast Data Server, 6 Pallet Carrier Pallet Pool, Coolant Gun at Setup Station, Cooljet 70/36DVF 1000 PSI High Pressure Coolant System, Tooling and all standard and any additional parts, attachments and accessories.

**WAIVER OF JURY; RECOVERY OF REASONABLE ATTORNEYS' FEES AND COSTS**

37.　In the Leases and guarantees, Master Kraft expressly waived any right to a jury trial in the instant lawsuit.

38.　The Leases expressly provide for recovery by GE Capital from Master Kraft of its reasonable attorneys' fees and costs incurred in enforcing the Leases, including its reasonable attorneys' fees and costs incurred in the instant lawsuit.

I declare under penalty of perjury under the laws of the State of Iowa, the State of California, and of the United States of America that the foregoing is true and correct and that this declaration is executed on June _23_, 2009, in Cedar Rapids, Iowa.

By _____/s/ Angela Miller_____
　　　Angela Miller