AT-105

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, state bar number, and address):
Evelien Verpeet (SBN 241520)
REED SMITH LLP
1999 Harrison Street
Suite 2400
Oakland, CA  94612
TELEPHONE NO.: 510.763.2000    FAX NO.: 510.273.8832
ATTORNEY FOR (Name): General Electric Capital Corporation

NAME OF COURT: Northern District of California
STREET ADDRESS: 450 Golden Gate Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

PLAINTIFF: General Electric Capital Corporation

DEFENDANT: Master Kraft Machining, Inc.

**FOR COURT USE ONLY**
ORIGINAL FILED
JUN 2 5 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND
E-filing
ADR

**APPLICATION FOR**
[X] RIGHT TO ATTACH ORDER       [ ] TEMPORARY PROTECTIVE ORDER
[X] ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT
[ ] ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT
    [ ] After Hearing     [ ] Ex Parte
    [ ] Against Property of Nonresident

CASE NUMBER: C09-02854 SI

1. Plaintiff (name): General Electric Capital Corporation
   applies [X] after hearing  [ ] ex parte   for
   a. [X] a right to attach order and writ of attachment.
   b. [ ] an additional writ of attachment.
   c. [ ] a temporary protective order.
   d. [ ] an order directing the defendant to transfer to the levying officer possession of
          (1) [ ] property in defendant's possession.
          (2) [ ] documentary evidence in defendant's possession of title to property.
          (3) [ ] documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant (name): Master Kraft Machining, Inc.

   a. [ ] is a natural person who
          (1) [ ] resides in California.
          (2) [ ] does not reside in California.
   b. [X] is a corporation
          (1) [X] qualified to do business in California.
          (2) [ ] not qualified to do business in California.
   c. [ ] is a California partnership or other unincorporated association.
   d. [ ] is a foreign partnership that
          (1) [ ] has filed a designation under Corporations Code section 15800.
          (2) [ ] has not filed a designation under Corporations Code section 15800.
   e. [ ] is other (specify):

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

(Continued on reverse)

Page one of three

Form Approved for Optional Use
Judicial Council of California
AT-105 [Rev. January 1, 2000]

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Legal Solutions Plus

Code of Civil Procedure,
§§ 482.030, 484.010 et seq.

| SHORT TITLE: GE Capital v. Master Kraft | CASE NUMBER: |
|---|---|

6. ☐ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based set forth with particularity in the
   a. ☐ verified complaint.
   b. ☒ attached affidavit or declaration.
   c. ☐ following facts *(specify)*:

8. The amount to be secured by the attachment is: $ 1,181,653
   a. ☐ which includes estimated costs of: $
   b. ☐ which includes estimated allowable attorney fees of: $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☒ Any property of a defendant who is **not** a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows *(specify)*:

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number)*:

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on *(date)*:
    (Attach a copy.)

12. ☐ Nonresident defendant has not filed a general appearance.

(Continued on page three)

AT-105 [Rev. January 1, 2000]   **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**   Page two of three

| SHORT TITLE: GE Capital v. Master Kraft | CASE NUMBER: |
|---|---|

13. a. Plaintiff ☐ alleges on ex parte application for order for writ of attachment
   ☐ is informed and believes on application for temporary protective order
   that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because
   (1) ☐ it may be inferred that there is a danger that the property sought to be attached will be
      (a) ☐ concealed.
      (b) ☐ substantially impaired in value.
      (c) ☐ made unavailable to levy by other than concealment or impairment in value.
   (2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
   (3) ☐ a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
   (4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.
   (5) ☐ other circumstances (specify):

   b. The statements in item 13a are established by ☐ the attached affidavit or declaration
      ☐ the following facts (specify):

14. ☐ Plaintiff requests the following relief by temporary protective order (specify):

15. Plaintiff
    a. ☐ has filed an undertaking in the amount of: $
    b. ☒ has not filed an undertaking.

Date: June 25, 2009

Evelien Verpeet, Esq.
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 25, 2009

Evelien Verpeet
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DECLARANT)

16. Number of pages attached: 8

AT-105 [Rev. January 1, 2000] — **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)** — Page three of three

Evelien Verpeet (SBN 241520)
Email: everpeet@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:  +1 510 763 2000
Facsimile:  +1 510 273 8832

Attorneys for Plaintiff
GENERAL ELECTRIC CAPITAL
CORPORATION, a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MASTER KRAFT MACHINING INC., a California corporation, and KURT T. MATSUDA, a citizen and resident of California,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF ANGELA MILLER IN SUPPORT OF MOTION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT** |

I, Angela Miller, declare as follows:

## BACKGROUND

1. I am a resident of the State of Iowa and maintain an office at 1010 Thomas Edison Blvd SW, Cedar Rapids, Iowa. I am employed by Plaintiff, General Electric Capital Corporation ("GE Capital"), as a Litigation Specialist, Equipment Finance Services.

— 1 —

DECLARATION OF ANGELA MILLER IN SUPPORT OF MOTION FOR RIGHT
TO ATTACH ORDER AND WRIT OF ATTACHMENT

US_ACTIVE-101790636.1

2. I have personal knowledge of the facts set forth herein, and if called as a witness, will so testify.

3. As a duty of my employment by GE Capital, I have personal charge of the equipment leases and accounts of Defendant, Master Kraft Machining, Inc. ("Master Kraft"), and I am charged with maintenance of contractual and other documentation maintained by GE Capital in the ordinary course of its business relating to such accounts and with recording or tracking the recordation of all payments and other ongoing transactions relating thereto.

## THE PARTIES

4. Plaintiff, General Electric Capital Corporation ("GE Capital"), is a corporation organized under the laws of Delaware with its principal place of business located in Stamford, Connecticut.

5. Defendant, Master Kraft Machining, Inc., is a corporation organized under the laws of California with its principal place of business located at 850 Corporate Way, Fremont, California. Master Kraft Machining, Inc. was incorporated by the California Secretary of State on December 8, 2006. Prior to incorporation, the company conducted business as a "Kurt T. Matsuda, d/b/a, Master Kraft Machining." To avoid confusion, Master Kraft Machining, Inc. and Kurt T. Matsuda, d/b/a, Master Kraft Machining will both be referred to as "Master Kraft" in this Declaration.

6. Defendant, Kurt T. Matsuda ("Matsuda"), is an individual who is a citizen and resident of California.

7. At all times relevant to this matter, GE Capital was and is in the business of, *inter alia*, leasing equipment to its customers.

DECLARATION OF ANGELA MILLER IN SUPPORT OF MOTION FOR RIGHT
TO ATTACH ORDER AND WRIT OF ATTACHMENT

US_ACTIVE-101790636.1

8. At all times relevant to this matter, Master Kraft was and is in the business of, *inter alia*, manufacturing and assembling machines and parts for various industries, including the medical and aerospace industries. Master Kraft leased manufacturing equipment from GE Capital.

9. At all times relevant to this matter, Matsuda was either the president of Master Kraft or an individual doing business as Master Kraft.

### AGREEMENTS WITH BANCORP

10. On or about January 25, 2006, U.S. Bancorp Equipment Finance, Inc. ("Bancorp"), as lessor, and Matsuda d/b/a Master Kraft, as lessee, entered into a Master Lease Agreement (the "Bancorp Master Lease Agreement"). A true and correct copy of the Bancorp Master Lease Agreement is attached as Exhibit A to the Complaint filed in this matter (the "Complaint").

11. Pursuant to the Bancorp Master Lease Agreement, on or about May 16, 2006, Bancorp leased certain manufacturing equipment described in Schedule No. 694841B-171-0033328-001 of the Bancorp Master Lease Agreement (the "Bancorp Schedule"), namely one (1) Matsuura MAM 500 CNC Horizontal Machining Center with Yasnac 180, 8,000 RPM Spindle, 1 Degree Indexing, 60 Position ATC, Chip Conveyor, 11 Pallets with Change System and Work Station, Hi Pressure Thru Spindle Coolant, 800 PSI 320 Meters Memory, together with all replacements, parts, repairs, additions, accessions and accessories incorporated therein or affixed or attached thereto and any and all proceeds of the foregoing, including, without limitation, insurance recoveries (the "Bancorp Equipment"). A true and correct copy of the Bancorp Master Lease Agreement is attached as Exhibit B to the Complaint.

12. On or about May 17, 2006, Matsuda d/b/a Master Kraft executed a Delivery and Acceptance Certificate and Lease Amendment ("Bancorp Lease Amendment"), pursuant to which, *inter alia*, Master Kraft agreed to lease the Bancorp Equipment from Bancorp and accept full

1  responsibility of the Equipment "as is." A true and correct copy of the Bancorp Lease Amendment
2  is attached as Exhibit C to the Complaint.

4  13. On or about February 19, 2009, Master Kraft and Bancorp executed an Amendment
5  Agreement pursuant to which, *inter alia*, Bancorp agreed to modify the payment terms of Bancorp
6  Schedule to the Bancorp Master Lease Agreement pursuant to the terms stated therein ("Bancorp
7  Amendment Agreement"). A true and correct copy of the Bancorp Amendment Agreement is
8  attached as Exhibit E to the Complaint.

## ASSIGNMENT BY BANCORP TO GE CAPITAL

12  14. On June 2, 2006, Bancorp assigned to GE Capital, for due consideration, the entirety
13  of its interest in the Bancorp Master Lease Agreement, Bancorp Schedule, and Bancorp Guaranty. A
14  true and correct copy of the Assignment Agreement is attached as Exhibit F to the Complaint.

## AGREEMENTS WITH MSF

18  15. On or-about August 1, 2007, Manufactures Financing Services, a subdivision of
19  Ellison Technologies, Inc. (collectively and separately, "MFS"), as lessor, and Master Kraft, as
20  lessee, entered into an Equipment Lease, No. 28101730 (the "MFS Lease").

22  16. Pursuant to the MFS Lease, MFS leased certain manufacturing equipment, namely
23  one (1) Mori Seiki Precision Horizontal Production Center Equipped with tool Breakage Detection
24  System, AICC II Fast Data Server, 6 Pallet Carrier Pallet Pool, Coolant Gun at Setup Station,
25  Cooljet 70/36DVF 1000 PSI High Pressure Coolant System, Tooling and all standard and any
26  additional parts, attachments and accessories (the "MFS Equipment"). A true and correct copy of
27  the MFS Lease is attached as Exhibit G to the Complaint.

17. At or about the same time, MFS and Master Kraft executed an Addendum to Equipment Lease pursuant to which, *inter alia*, MFS granted Master Kraft the option to either extend the Equipment Lease or purchase the MSF Equipment upon expiration of the Equipment Lease, pursuant to the terms stated therein. A true and correct copy of the Addendum to Lease Agreement is attached as Exhibit H to the Complaint.

### ASSIGNMENT BY MSF TO GE CAPITAL

18. On December 28, 2007, MSF assigned to GE Capital, for due consideration, the entirety of its interest in the MFS Lease. *See* document entitled "Schedule," a true and correct copy of which is attached as Exhibit I to the Complaint.

### DEFAULTS

19. Master Kraft is in default under the Bancorp Master Lease Agreement – inclusive of any schedules and amendments – and the MFS Lease (collectively, the "Leases") for failing to make monthly payments, as required under the Leases.

20. On March 26, 2009, GE Capital delivered to Master Kraft formal notice of default for past due payments on the MFS Lease totaling $30,554.73 (the "March 26, 2009 Letter"). A true and correct copy of the March 26, 2009 Letter is attached as Exhibit J to the Complaint.

21. Master Kraft failed and/or refused to respond to the March 26, 2009 Letter. More importantly, Master Kraft has refused to pay the past due payments.

22. On June 1, 2009, GE Capital delivered to Master Kraft a formal notice of default for past due payments on the Leases totaling $74,381.63 (the "June 1, 2009 Letter"). A true and correct copy of the June 1, 2009 is attached as Exhibit K to the Complaint.

– 5 –

DECLARATION OF ANGELA MILLER IN SUPPORT OF MOTION FOR RIGHT
TO ATTACH ORDER AND WRIT OF ATTACHMENT

23. Master Kraft failed and/or refused to respond to the June 1, 2009 Letter. More importantly, Master Kraft has refused to pay the past due payments.

24. In accordance with the terms of the Leases, in the June 1, 2009 Letter, GE Capital demanded immediate payment of all past due payments, totaling $74,381.63.

25. The full amounts due under the Leases have been accelerated and are now due and owing from Lessee and Guarantor, including but not limited to all payment obligations, interest, attorneys' fees, expenses, and all other amounts due under the Leases.

26. Master Kraft and Matsuda are, and continue to be, in default under the Leases, and all amounts due and owing are still outstanding and unpaid.

27. As of June 1, 2009, the past due rent payments, taxes, and late fees was no less than $74,381.63. Upon acceleration, the amount now due and owing is $1,181,652.91.

28. GE Capital seeks only to secure its ultimate recovery.

### GE CAPITAL'S RIGHT TO POSSESS THE LEASED EQUIPMENT

29. GE Capital is, and at all times relevant to Plaintiff's Motion was, the legal owner of the Bancorp Equipment and the MFS Equipment (collectively, the "Leased Equipment").

30. Master Kraft came into possession of the Leased Equipment after Master Kraft executed the Leases. Since the execution the Leases, Master Kraft has defaulted on the Leases by failing to make monthly payments, as required under the terms of the Leases.

31. The terms of the Leases provide that, following a default, GE Capital is entitled to

– 6 –

DECLARATION OF ANGELA MILLER IN SUPPORT OF MOTION FOR RIGHT
TO ATTACH ORDER AND WRIT OF ATTACHMENT

US_ACTIVE-101790636.1

1 recover immediate possession of the Leased Equipment for disposition under the terms of the
2 Leases.

4     32. Although GE Capital has demanded that Master Kraft surrender possession of the
5 Leased Equipment, Master Kraft continues to withhold possession of the Leased Equipment in
6 violation of GE Capital's right to possession. The Complaint, in addition to previous demands, shall
7 constitute demand upon Defendants to surrender possession of the Leased Equipment to GE Capital.

## LEASED EQUIPMENT NOT TAKEN FOR TAX, ASSESSMENT, FINE OR SEIZED UNDER EXECUTION

12     33. The Leased Equipment has not been taken for any tax, assessment, or fine levied by
13 virtue of any law of any state against the property of GE Capital, or against GE Capital, nor seized
14 under any lawful process against the goods and chattels of GE Capital subject to that lawful process,
15 nor held by virtue of any order for injunction against GE Capital.

## VALUE AND DESCRIPTION OF LEASED EQUIPMENT

19     34. The Leased Equipment has an approximate fair market value of $724,000 depending
20 on its condition, the circumstances and the buyer.

22     35. The Leased Equipment has an "orderly liquidated value" of approximately $334,000.

24     36. The Leased Equipment consists of the following: (1) Bancorp Equipment: one (1)
25 Matsuura MAM 500 CNC Horizontal Machining Center with Yasnac 180, 8,000 RPM Spindle, 1
26 Degree Indexing, 60 Position ATC, Chip Conveyor, 11 Pallets with Change System and Work
27 Station, Hi Pressure Thru Spindle Coolant, 800 PSI 320 Meters Memory, together with all
28 replacements, parts, repairs, additions, accessions and accessories incorporated therein or affixed or

attached thereto and any and all proceeds of the foregoing, including, without limitation, insurance recoveries; and (2) MFS Equipment: one (1) Mori Seiki Precision Horizontal Production Center Equipped with tool Breakage Detection System, AICC II Fast Data Server, 6 Pallet Carrier Pallet Pool, Coolant Gun at Setup Station, Cooljet 70/36DVF 1000 PSI High Pressure Coolant System, Tooling and all standard and any additional parts, attachments and accessories.

**WAIVER OF JURY; RECOVERY OF REASONABLE ATTORNEYS' FEES AND COSTS**

37. In the Leases and guarantees, Master Kraft expressly waived any right to a jury trial in the instant lawsuit.

38. The Leases expressly provide for recovery by GE Capital from Master Kraft of its reasonable attorneys' fees and costs incurred in enforcing the Leases, including its reasonable attorneys' fees and costs incurred in the instant lawsuit.

I declare under penalty of perjury under the laws of the State of Iowa, the State of California, and of the United States of America that the foregoing is true and correct and that this declaration is executed on June 23, 2009, in Cedar Rapids, Iowa.

By 
Angela Miller

— 8 —

DECLARATION OF ANGELA MILLER IN SUPPORT OF MOTION FOR RIGHT
TO ATTACH ORDER AND WRIT OF ATTACHMENT